**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DIANE PATRELLA, *et al.*,                    )
                                             )
                    Plaintiffs,              )
                                             )
v.                                           )        Case No.10-2661-JWL-KGG
                                             )
SAM BROWNBACK, Governor of Kansas, )
in his official capacity, *et al.*,          )
                                             )
                    Defendants.              )
_____)

**ORDER ON PLAINTIFFS' MOTION TO STAY**

Now before the Court is Plaintiffs' "Motion for Stay." (Doc. 160.)

Plaintiffs argue that the legislative scheme for school funding challenged in their

original Complaint has been changed, is under review by the Kansas Supreme

Court, and faces additional changes in the 2016 Kansas legislative session. As

such, Plaintiffs ask the Court to stay further proceedings in this case until a ruling

is received on the "equity" challenge currently pending before the Kansas Supreme

Court. Defendants oppose the request, noting the age of the case and the time,

expense, and effort already invested in litigating original issues. Intervenors favor

a longer stay, until the Kansas Supreme Court rules on all issues currently pending.

This old case, filed in 2010, remains, paradoxically, in the relatively early

stages of litigation. The proceedings have been slowed by two journeys to the

appellate court – one resulting in a reversal of an order dismissing the case (Doc. 79) and the second in an affirmation of the District Court's denial of a motion for preliminary injunction and order granting in part Defendants' motion to dismiss (Doc. 149).  As a result, the parties have not engaged in discovery or otherwise moved the case towards trial.

While the case was making its appellate tours, legal changes to the law occurred, and a case is now pending before the Kansas Supreme Court which could force additional changes.  Plaintiffs state frankly that they "have no desire to challenge the constitutionality of laws that are no longer in effect."  (Doc. 161, at 4.)  In other words, Plaintiffs appear to concede that their current action may be moot.

The question remains, however, whether Plaintiff basic challenge to the law's local Spending Cap will survive the current changes.  If not, this case may be over.  If, however, the same issue emerges in a new scheme, these parties and the Court may continue the inquiry presented in this case.  This may all depend on an eventual motion to amend the current Complaint, which may or may not be granted, but which likely cannot be filed until the status and form of the law stabilizes.

The Court is sympathetic to the pleas of Defendants that this matter should

not continue indefinitely.  Even so, the Court is presented with a practical problem.

If the current Motion for Stay is denied, the parties will likely engage in futile

discovery and additional motions and briefing on the current Complaint and the old

law, until the pending state court legal issues are resolved, at which point the

Plaintiffs will likely file a motion to amend to challenge the new funding scheme.

If the Court grants the Motion to Stay, litigation on the current Complaint will be

avoided.  The Court and parties may then be able to address the issue of whether

the Complaint can be fairly amended to challenge whatever form the Spending Cap

takes in a new system.

This Court has the discretion to stay the proceedings to avoid wasting

resources.  ***Wallace B. Roderick Rovocable Living Trust v. XTO Energy, Inc.***, No.

08-1330-JTM-KMH, 2015 WL 790129, at \*1 (D. Kan. Feb. 25, 2015).  Plaintiffs'

Motion (Doc. 160) is, therefore, **GRANTED**.  The stay should not, however, be

indeterminate.

The Court **ORDERS** all proceeding in this case stayed until June 1, 2016.

By that date, Plaintiffs shall file either a well-supported new motion to further stay

the proceedings or a motion to amend the current Complaint to facilitate rulings

and legislative changes that occur in the interim.  If neither of those are filed, the

Court will conduct a status conference to proceed with the case in its current form.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 12th day of January, 2016.

                    S/ KENNETH G. GALE

                    KENNETH G. GALE

                    United States Magistrate Judge