# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE PETRELLA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 10-2661-JWL-KGG |
| ) | |
| SAM BROWNBACK, Governor of Kansas, ) | |
| in his official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER DENYING MOTION TO EXTEND STAY

Before the Court is Plaintiffs' motion to extend the current stay of proceedings in this matter. (Doc. 169.) Plaintiffs request the Court extend the stay for an indefinite period of time – "until the Kansas Supreme Court rules on any legislation adopted in June 2016 by the Kansas Legislature in response to the May 27, 2016 decision by the Kansas Supreme Court in the *Gannon* litigation...." (Doc. 170, at 1.) The Court **DENIES** that motion.

Plaintiffs are a group of students and parents from the Shawnee Mission, Kansas, Unified School District. They brought their initial Complaint against the State Defendants claiming that "the Local Option Budget ("LOB") cap, found in K.S.A. § 72-6433(b), which limits the funds that a school district may raise by local tax, violates the Equal Protection Clause and the Due Process Clause of the

Fourteenth Amendment to the United States Constitution." (Doc. 119, at 2.) The underlying facts of this case were summarized in the District Court's Memorandum and Order (Doc. 119), which denied Defendants' motion to dismiss or stay (Doc. 90), Plaintiffs' motion for summary judgment (Doc. 93), and Plaintiffs' motion for preliminary injunction (Doc. 28). That background (Doc. 119, at 2-3) is incorporated herein by reference.

Since that time, the District Court denied Plaintiffs' Motion for Reconsideration of that Order (Doc. 142), resulting in Plaintiffs filing an interlocutory appeal to the 10th Circuit Court of Appeals (Doc. 143). The Tenth Circuit affirmed in part and dismissed in part the District Court's decision (Doc. 149), remanding the case back to the District of Kansas on July 7, 2015, for further proceedings.

Thereafter, Plaintiffs sought a stay of the proceedings because of the potential for the Kansas Supreme Court to force additional changes to the school financing legislation at issue. (*See* Doc. 160.) In granting the stay, this Court was sympathetic to Defendants' pleas that the matter not proceed indefinitely and noted the "practical problem" presented by the requested stay:

> If the current Motion for Stay is denied, the parties will
> likely engage in futile discovery and additional motions
> and briefing on the current Complaint and the old law,
> until the pending state court legal issues are resolved, at

> which point the Plaintiffs will likely file a motion to amend to challenge the new funding scheme. If the Court grants the Motion to Stay, litigation on the current Complaint will be avoided. The Court and parties may then be able to address the issue of whether the Complaint can be fairly amended to challenge whatever form the Spending Cap takes in a new system.
>
> This Court has the discretion to stay the proceedings to avoid wasting resources. ***Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.***, No. 08-1330-JTM-KMH, 2015 WL 790129, at *1 (D. Kan. Feb. 25, 2015). Plaintiffs' Motion (Doc. 160) is, therefore, GRANTED. **The stay should not, however, be indeterminate**.
>
> The Court ORDERS all proceeding in this case stayed until June 1, 2016. By that date, Plaintiffs shall file either a well-supported new motion to further stay the proceedings or a motion to amend the current Complaint to facilitate rulings and legislative changes that occur in the interim. If neither of those are filed, the Court will conduct a status conference to proceed with the case in its current form.

(Doc. 168, at 3 (emphasis added).)

Plaintiffs timely filed the present motion, requesting an indeterminate extension to the stay of these proceedings. (Doc. 169.) Plaintiffs note that the recent opinion of the Kansas Supreme Court "requires action by the Kansas Legislature by June 30, 2016 and further review by the Kansas Supreme Court." (Doc. 170, at 2.) As such, "the target of Plaintiffs's constitutional challenge . . . is once again up in the air." (*Id.*, at 3.) Plaintiffs thus argue that "the principle rationale that supported the stay is still valid." (*Id.*, at 2.)

3

The Federal Rules of Civil Procedure do not, per se provide for a stay of proceedings. The Rules do, however, state that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c)(1). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). If there is a reasonable possibility that the stay will cause hardship on the non-moving party, the movant must establish a "clear case of hardship or inequity" to be granted a stay. *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*.

This Court finds an additional, indeterminate stay of this case would be inequitable to Defendants. Further, the Court agrees that "[t]he claims that Plaintiff started with are no longer justiciable, given the current status of school finance statutes." (Doc. 172, at 6.) Plaintiffs themselves admit that "the target of [their] constitutional challenge . . . is once again up in the air." (Doc. 170, at 3.) The statute that was the subject of their initial Complaint no longer even exists. Thus, Plaintiffs likely have no justiciable claim. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007).

4

Plaintiff's motion (Doc. 169) is **DENIED**.  Defendants may proceed to file a Motion to Dismiss to request the District Judge consider their argument that this matter is not justiciable.  No discovery may proceed during the pendency of such motion.  Defendants shall have **thirty (30) days** from the date of this Order to file any such Motions to Dismiss.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of July, 2016.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge